**Eloisa Rodriguez DE LA LUZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 82–7522.**

United States Court of Appeals, Ninth Circuit.*

Submitted May 31, 1983.

Decided Aug. 19, 1983.

Frank S. Pestana, Los Angeles, Cal., for petitioner.

George H. Wu, Stephen S. Trott, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before TANG, FERGUSON and BOOCHEVER, Circuit Judges.

PER CURIAM:

Eloisa Rodriguez-de la Luz (Petitioner) petitions for review of the decision of the Board of Immigration Appeals dismissing her appeal from the denial of suspension of deportation. The Immigration Judge had found that Petitioner met the statutory requirements for suspension of deportation under 8 U.S.C. § 1254(a)(1) because her six American citizen children would suffer extreme hardship if Petitioner were deported to Mexico. The Immigration Judge, however, denied relief as a matter of administrative discretion.

Our review of the BIA's exercise of discretion is narrow. *INS v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981); *Santana-Figueroa v. INS,* 644 F.2d 1354, 1355 (9th Cir.1981). When important aspects of the alien's claim are distorted or disregarded, however, denial of relief may be an abuse of discretion. *Santana-Figueroa,* 644 F.2d at 1354. In addition, discretionary decisions must weigh both favorable and unfavorable factors. *In re Riccio,* 15 I. & N. 548–49 (1976). We find that the Immigration Judge abused his discretion.

* The panel finds this case appropriate for submission without oral argument pursuant to

Ninth Cir.R. 3(a) and Fed.R.App.P. 34(b).

**546**

*FACTS*

Petitioner, a 36 year-old native and citizen of Mexico, entered the United States without inspection in 1963 as the sixteen-year-old bride of Margarito de la Luz, a permanent resident alien who failed to apply for permanent legal status for his wife.

Petitioner and her husband lived together for approximately six years following their marriage. Following his hospitalization in 1968 for acute alcoholism, Petitioner's husband lived on and off with Petitioner and their children. Petitioner testified that she had no money to feed her children and was unable to obtain employment because of family responsibilities. Petitioner and her husband received welfare assistance from September 1968 to June 1971 and from May 1972 to September 1974; since 1974 only the children have received assistance. Petitioner's husband died of acute alcoholism in 1982, following the decision that is the subject of this appeal.

*Decision of the Immigration Judge*

The Immigration Judge denied relief based on several factors which he viewed as unfavorable. The Immigration Judge obviously viewed as unfavorable Petitioner's attempts to maintain her family. He felt it "inexcusable" for Petitioner to have "put up" with a husband who "contributed nothing to her support" but added to her burdens by "fathering additional children." We note that the effect of the Immigration Judge's treatment of Petitioner's situation comes perilously close to penalizing Petitioner for the practice of her Catholic religion.

The Immigration Judge also stated that Petitioner had done "nothing to support herself" in this country. While caring for her six children regrettably does not produce income, the Immigration Judge's remarks reflect at best a total failure to view Petitioner's situation realistically.

In addition, the Immigration Judge's decision reflects his unwarranted inference that Petitioner has committed welfare fraud. The record reflects nothing more than pure speculation on this point; the Immigration Judge was not justified in con-sidering this bare speculation as an unfavorable factor.

Finally, we note that while the Immigration Judge stated that the investigative report conducted by the government contained "both favorable and unfavorable items or information," the written decision does not reflect any consideration of the favorable factors. On remand, favorable factors should be fully considered. In addition to considering favorable factors, consideration on remand should be given to the hardship to Petitioner's citizen children if separated from their mother and any consequent costs for the care and placement of the children at public expense.

REVERSED AND REMANDED.