947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo Polar VALDA, Petitioner,
v.
U.S. IMMIGRATION and Naturalization Service, Respondent.
 No. 90-70179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1991.
Decided October 23, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges, and CARROLL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Reynaldo Polar Valda appeals a decision of the Board of Immigration Appeals ("BIA") denying his petitions for waiver of excludability and adjustment of status and ordering his deportation. We affirm.
 
 THE AGENCY DECISIONS
 
 4
 The immigration judge granted Valda's petition for waiver of excludability and his petition for adjustment of status. See 8 U.S.C. § 1182(i), 1255. The judge accepted the credibility of Valda's testimony that he failed to include his children on his petition for adjustment of status because of their illegitimacy. The immigration judge also concluded that the birth certificates Valda had submitted to the INS contained accurate information, even if the documents themselves were not authentic. The "evidence was far from clear," in the judge's view, whether the birth certificates were the results of an intentional fraud. As a result, she concluded that the birth certificates presented by Valda to the INS did not weigh heavily against granting a waiver of excludability. The judge also accepted, without apparent objection from the INS, Valda's claim that Barbara Regino and Genoveva Malveda are the same person.
 
 
 5
 Relying on Matter of Alonzo, 17 I & N 292 (Comm.1979), the immigration judge did not consider Valda's false statements on his nonimmigrant visa application, the fraud which gave rise to the petition for waiver of excludability, as an adverse factor. The immigration judge balanced the weighty favorable factor of Valda's marriage to a United States citizen against Valda's false statements and concluded that Valda should be granted a waiver of excludability and an adjustment of status.
 
 
 6
 The INS appealed the immigration judge's decision to the BIA which reversed. The BIA agreed with the immigration judge that Valda's false statement on his nonimmigrant visa application should not be considered. But the BIA rejected the immigration judge's findings and factual conclusions. The BIA found the explanation for Valda's failure to include his four children on his petition for adjustment of status to be incredible in light of the truthful reference to his children on his nonimmigrant visa application. The BIA also found that the birth certificates which Valda presented to the INS for three of his children were fraudulent and did not contain accurate information. On the basis of these new findings, the BIA concluded that Valda "has perpetrated a significant pattern of fraud and misrepresentation ..." and that granting a waiver of excludability would "make mockery [sic] of the immigration laws of the United States." The BIA denied Valda's petition for waiver of excludability and held, because Valda was excludable, that an adjustment of status was not available. The BIA also entered an order of deportation. Valda now appeals the BIA's decision and order.
 
 DISCUSSION
 
 7
 Congress expressly committed petitions for adjustment of status and waiver of excludability to the discretion of the Attorney General, who has delegated his authority to INS immigration judges subject to de novo review by the BIA. See 8 U.S.C. §§ 1255, 1182(i); 8 C.F.R. §§ 242.8, 242.21 (1991).[1] We therefore review the BIA's decision for abuse of discretion. Jen Hung Ng v. INS, 804 F.2d 534, 538 (9th Cir.1986).
 
 
 8
 Valda argues that the BIA abused its discretion in three ways. First, Valda claims that the BIA reached factual conclusions which were not supported by the record. We will find an abuse of discretion if the BIA's conclusion that Valda committed fraud when he made false statements on his petition for adjustment of status and when he submitted fraudulent birth certificates was arbitrary, irrational, or contrary to law. Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). The BIA concluded, on the basis of Valda's earlier truthful disclosure of his children on the nonimmigrant visa application, that Valda knew that he was required to report illegitimate children on the petition for adjustment of status, and that he therefore intentionally offered the false statement that he has no children. This is one reasonable conclusion among several that could be supported by the record. The BIA did not abuse its discretion.
 
 
 9
 Similarly, the BIA acted appropriately when it concluded that Valda had perpetrated a fraud by submitting birth certificates which were materially different from the official birth certificates. The birth certificates offered by Valda listed the children's mother as Genoveva Malveda and identified the children as illegitimate. The official birth certificates listed the children's mother as Barbara Regino and identified the children as legitimate. Valda's submission of unauthenticated documents which differed in two important respects from the official, authenticated documents is sufficient to support a reasonable, if not inevitable, inference of fraud. The BIA found that Valda's introduction of the official birth certificates at the deportation hearing rather than the birth certificates he had obtained reinforced the inference of fraud. In addition, the dubious method by which Valda obtained the alleged birth certificates further supports a finding of fraud. Because the burden of proof on the waiver of excludability petition rested with Valda, not the INS, Thomaidis v. INS, 431 F.2d 711, 712 (9th Cir.1970), cert. denied, 401 U.S. 954 (1971), we hold that the BIA's conclusion that Valda committed fraud was neither arbitrary nor irrational.
 
 
 10
 Second, Valda argues that the BIA ignored its own precedent when it failed to apply a requirement established in Matter of Alonzo that the BIA grant petitions for waiver of excludability unless "substantially unfavorable factors" are found. 17 I & N at 295. Although we will find an abuse of discretion if the BIA disregards its own precedents without adequately explaining its reasons for doing so, Israel v. INS, 785 F.2d 738, 740 (9th Cir.1986), the BIA expressly adopted the standard established in Matter of Alonzo: "It has been held that a waiver under section [1182(i) ] should generally be granted in the absence of countervailing adverse factors. See Matter of Alonzo, 17 I & N 292 (Comm.1979)." See In re Valda, Ayw-dzf-fio, slip op. at 3 (BIA Feb. 28, 1990) (citation in original). The BIA then applied this rule and concluded, on the basis of factual findings supported by the record, that Valda's fraud was a sufficiently adverse factor to justify denying his petitions.
 
 
 11
 Valda also argues that the BIA failed to observe a second rule established in Matter of Alonzo that the fraud for which a petitioner is seeking forgiveness in a petition for waiver of excludability should not be considerd by the INS. Once again, the BIA expressly cited Matter of Alonzo for the very proposition which Valda complains was ignored. The BIA stated twice more in its brief opinion that the finding of fraud did not depend upon Valda's false statement on his nonimmigrant visa application.[2] We find that the BIA gave full effect to its precedents.[3]
 
 
 12
 Third, Valda argues that the BIA failed to consider his marriage to a United States citizen as a substantial factor in favor of granting his petitions. We will find an abuse of discretion if an important aspect of Valda's claim was distorted or disregarded, or if the BIA failed to weigh both favorable and unfavorable factors. De La Luz v. INS, 713 F.2d 545, 545 (9th Cir.1983). The BIA addressed Valda's marriage in the following passage in its opinion: "While we recognize that the applicant's deportation may cause some hardship to the applicant's United States citizen wife, there is nothing to prevent his wife from joining him in the Philippines. Indeed, the applicant has testified that her children are grown, and that she is in the process of selling her house." In re Valda, slip op. at 6. This passage evidences neither a factual distortion nor a reluctance to balance the favorable and unfavorable factors in Valda's case. While we might have given greater weight to Valda's marriage or balanced the factors to reach a different result, the BIA clearly took his marriage into account in reaching its decision. Our abuse of discretion standard does not permit us to substitute our judgment for that of the BIA in this case.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Earl Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Valda asserts as one ground for his appeal that the BIA abused its discretion by minimizing and otherwise disregarding specific findings of the immigration judge. Since Valda does not dispute the BIA's right to engage in a de novo review, this argument is clearly without merit
 
 
 [2]
 "Although the fraud giving rise to the application for the [1182(i) ] waiver is not to be considered in determining whether to grant such relief, we find that the applicant's misrepresentations in this case far exceed the scope of his initial misrepresentations...." Id. at 5
 
 
 [3]
 The BIA argues in a footnote to its brief that it was not bound to follow Matter of Alonzo since that decision was issued by the INS Commissioner, rather than the BIA. See 8 C.F.R. § 3.2(g), 103.3(e). We need not reach this issue since we hold that the BIA did, in fact, voluntarily follow Matter of Alonzo