976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clement C. NWABUEZE, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70419.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Sept. 24, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clement C. Nwabueze, a citizen of Nigeria, challenges the denials of his petition for suspension of deportation and motion to reopen. We vacate the decision of the Board of Immigration Appeals (BIA), and remand for further proceedings.
 
 DISCUSSION
 I. CREDIBILITY DETERMINATION
 
 3
 After hearing Nwabueze testify, the immigration judge (IJ) found that Nwabueze lacked credibility. That finding played an important part in all of the BIA's rulings; we therefore address it as a preliminary issue.
 
 
 4
 Our review of credibility determinations is narrow in scope; we will uphold such assessments unless they lack substantial evidentiary support. Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). We require the trier of fact, however, to offer a "specific, cogent reason" for her disbelief of a witness's testimony. Id. (citations omitted).
 
 
 5
 In this case, the IJ found that Nwabueze was well versed in English and appeared to have a good memory. She noted, however, that he was selectively unable to remember certain matters or to respond in detail to cross-examination by the government's counsel. Nwabueze was reluctant to discuss his family's financial status. The IJ particularly emphasized Nwabueze's unwillingness to elaborate on his relationship with Freddy Lewis Jones, a known criminal, and why he was in possession of Jones' driver's license. The IJ also questioned Nwabueze's abandonment of college to learn truck driving, when he admitted that a degree was essential to his future employment in Nigeria and that truck drivers could not find employment there.
 
 
 6
 Equally suspect was Nwabueze's statement that he did not learn until 1990 that his first wife, Barbara Cannon, had withdrawn her I-130 petition seven years earlier. During an interview with an official from the Immigration and Naturalization Service (INS), Cannon admitted that their marriage was a sham. After the interview, Nwabueze received an Order to Show Cause and spent eleven days in detention. Nwabueze's alleged ignorance of the petition status was further undercut by his claim to continuous residence with this spouse from the date of their marriage until his departure from Alabama in September 1984.
 
 
 7
 The IJ also expressed concern about the validity of an affidavit submitted by the Reverend Alvin D. Johnson regarding Nwabueze's second marriage. Nwabueze claimed to have known the minister for five years and to have met him after moving to Detroit. After the IJ pointed out that Nwabueze had not moved to Detroit until the end of 1986 and therefore could not have known him for five years, Nwabueze responded that they actually met in Alabama sometime between 1982 and 1984.
 
 
 8
 Although a minor discrepancy in dates is not dispositive, we conclude that the overall testimony provided ample support for the adverse credibility finding. The reasons supplied by the IJ were specific and cogent, and we uphold her determination. See Sarvia-Quintanilla v. United States INS, 767 F.2d 1387, 1395 (9th Cir.1985).
 
 II. SUSPENSION OF DEPORTATION
 
 9
 Nwabueze also contests the BIA's refusal to suspend his deportation pursuant to 8 U.S.C. § 1254(a)(1). The statute permits the Attorney General to grant relief to a deportable alien who: (1) has been physically present in the United States for not less than seven years; (2) is a person of good moral character; and (3) is a person "whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1).
 
 
 10
 We review the BIA's decision for abuse of discretion. Hernandez-Robledo v. INS, 777 F.2d 536, 541-42 (9th Cir.1985). We require the agency to weigh all factors presented, both favorable and unfavorable. Zavala-Bonilla v. INS, 730 F.2d 562, 567-68 (9th Cir.1984). The stated reasons for denying relief must reflect proper consideration of these factors. Id.
 
 
 11
 In this case, the BIA adopted the IJ's discussion of hardships alleged by Nwabueze and its conclusions. [BIA Decision at 2, Certified Administrative Record (CAR) at 75]. The findings primarily dealt with the financial implications for his family, with one reference to the fact that Nwabueze had "significant family" left in Nigeria. [IJ Decision at 15-17, CAR at 147-149]. The BIA held that Nwabueze's failure to demonstrate extreme hardship rendered him inelgible for relief. Even if extreme hardship would result, the BIA declined to exercise its discretion because of Nwabueze's lack of candor.
 
 
 12
 This assessment failed to account for non-economic hardship to Nwabueze's second wife, Lou Ann Nwabueze, and his stepson. We have stated that "[s]eparation from one's spouse entails substantially more than economic hardship." Cerrillo-Perez v. INS, 809 F.2d 1419, 1424 (9th Cir.1987) ( citing Yong v. INS, 459 F.2d 1004, 1005 (9th Cir.1972)) (remanding for consideration of potential hardships to citizen children in the event their alien parents are deported without them). The breakup of a family in itself may constitute extreme hardship. Mejia-Carrillo v. United States INS, 656 F.2d 520, 522 (9th Cir.1981).[1]
 
 
 13
 The BIA alternatively held that, even if extreme hardship would follow deportation, Nwabueze's lack of candor foreclosed it from exercising discretion in his favor. We have long required the BIA to weigh both favorable and unfavorable factors before rendering a discretionary decision. De La Luz v. INS, 713 F.2d 545, 545-46 (9th Cir.1983) (abuse of discretion arose not from finding of extreme hardship, but rather from failure to consider favorable factors before denying discretionary relief). The BIA's analysis omits an important segment of the equities weighing in Nwabueze's favor, and thereby ignores our requirement. See id.
 
 
 14
 By failing to consider the separation factor, the BIA "overlooked or evaded an inquiry necessary to a reasoned decision." Cerrillo-Perez, 809 F.2d at 1426 (citation omitted). It consequently failed to weigh this factor against the unfavorable factors. For these reasons, we conclude that the BIA abused its discretion. See id.; De La Luz, 713 F.2d at 545-46. On remand, the agency must demonstrate that it fully considered the implications, both economic and non-economic, of separating Nwabueze from his second wife and stepson.
 
 III. MOTION TO REOPEN
 
 15
 Nwabueze also challenges the BIA's refusal to reopen his deportation proceedings in order to allow him to pursue an adjustment of status based on his marriage to a United States citizen. In INS v. Abudu, the Supreme Court held that the BIA may simply determine whether discretionary relief was appropriate, without first considering whether new evidence existed or a prima facie case had been made. 485 U.S. 94, 105 (1988). In this case, the BIA concluded that Nwabueze did not merit discretionary relief, even assuming that he had a prima facie case and that the revised law permitting an application constituted new evidence.
 
 
 16
 We review the BIA's decision for abuse of discretion, and must uphold it unless it was arbitrary, irrational, or contrary to law. Jen Hung Ng v. INS, 804 F.2d 534, 538 (9th Cir.1986). We require the BIA to state its reasons and to show proper consideration of all factors, both favorable and unfavorable. Id.
 
 
 17
 In this case, the BIA relied entirely upon the IJ's assessment of Nwabueze's credibility. This aspect of his immigration history is certainly an important consideration. See generally INS v. Rios-Pineda, 471 U.S. 444, 451 (1985). The BIA, however, failed to consider other equities, including the consequences of breaking up Nwabueze's family. We therefore conclude that the agency exercised its discretion in an arbitrary manner. See Mattis v. United States INS, 774 F.2d 965, 968-69 (9th Cir.1985) (remanding because BIA ignored evidence that alien was fully employed and financially responsible). On remand, the BIA shall set forth a decision based on all relevant equities, including Nwabueze's five-year marriage to a United States citizen and the consequences of separating family members.
 
 IV. REMAINING CLAIMS
 
 18
 Nwabueze raises additional issues in supplementary briefs, including a due process violation stemming from his alleged lack of access to library materials. We hold that the error, if any, was harmless. The remaining claims are frivolous.[2]
 
 
 19
 VACATED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 We are satisfied that this issue was adequately presented below. Nwabueze submitted an affidavit by his wife stating that "we need one another and we serve well as husband and wife in the marital union." [Exhibit 14, CAR at 430]. She also stated that the INS "is holding my husband against my wishes, neglecting my personal and family's best interest." Nwabueze referred the IJ to this affidavit during one of his hearings. [December 31, 1990 Transcript at 140, CAR at 291]
 
 
 [2]
 In addition to his briefs, Nwabueze has filed numerous supplementary motions. For reasons outlined below, we conclude that these motions lack merit
 Statute of Limitations
 Nwabueze claims that the IJ "lacked jurisdiction" to hear additional charges of deportability served on August 28, 1990. He relies on 28 U.S.C. § 2401(b), a statute of limitations, as authority for his claim. This statute concerns tort claims against the United States, and thus is irrelevant to this case.
 Nwabueze also asserts a statute of limitations argument under 18 U.S.C. § 3282. This provision applies only to non-capital criminal offenses. Because immigration proceedings are civil matters, the provision is irrelevant.
 Congressional Intent
 Nwabueze alternatively asserts that BIA's decision does not comply with the "congressional intent" underpinning 8 C.F.R. § 215.3(f)-(h), (k). Section 215.3 lists categories of aliens whose departure shall be deemed prejudicial to the interests of the United States. These persons include: aliens who are fugitives from justice on account of an offense punishable in the United States, aliens needed to serve as witnesses or parties in a criminal case, aliens needed in connection with agency investigations, and aliens with cases involving similar circumstances. 8 C.F.R. § 215.3(f)-(h), (k).
 Nwabueze's reliance on section 215.3 is misplaced. This provision is triggered only when a departure control officer serves an alien with a written temporary order directing him not to depart. See 8 C.F.R.s 215.2(a). Nwabueze does not state that he has received any such order. Furthermore, he cannot raise the issue here without first exhausting his administrative remedies. See 8 C.F.R. § 215.4 (detailing procedures for hearings before a special inquiry officer); see also Local 512, Warehouse & Officer Workers' Union v. NLRB, 795 F.2d 705, 721 (9th Cir.1986) (determinations under 8 C.F.R. § 215.3 are appealable to the BIA, the Circuit Courts of Appeals, and the Supreme Court).
 Claim Under 22 C.F.R. § 46.3(h)
 Nwabueze also asserts a claim under 22 C.F.R. § 46.3(h). This provision is identical to 8 C.F.R. § 215.3(h), which prevents the departure of aliens needed in connection with agency proceedings. Like its Title 8 counterpart, section 46.3(h) is triggered when a departure control officer serves an order on the alien. 22 C.F.R. § 46.2(a). Because Nwabueze has not alleged receipt of any such order, his argument lacks merit. See id. Moreover, he has failed to exhaust his administrative remedies. See 22 C.F.R. § 46.4.
 Authorized Employment
 Nwabueze further maintains that his "internship" as a security officer was covered by his student visa. The BIA held that it could not review this matter, because decisions to reinstate student status or grant extensions of nonimmigrant stays lie within the exclusive jurisdiction of the INS District Director. See Matter of Yazdani, 17 I & N Dec. 626, 628-29 (BIA 1981). We decline to disturb this ruling.
 Confidentiality Rules
 Nwabueze also maintains that the INS obtained information about his status in violation of confidentiality rules. He invokes statutory support, but his reliance on these authorities is misplaced. Both 8 U.S.C. § 1255a and 8 C.F.R. § 245a.2 pertain only to aliens who entered before January 1, 1982. Nwabueze did not enter until August 28, 1982.
 Motion for Injunctive Relief
 Nwabueze also requests injunctive relief on the ground that the INS brief was not filed by the date specified in the briefing schedule. The docket sheet reflects that the brief was served on the October 30, 1991 deadline, although the clerk did not file it until five days later. Because the clerk received the brief within the time fixed for filing, we conclude that it was filed on time. See Fed.R.App.P. 25(a).
 Bail Bond Refund
 Nwabueze seeks a refund of the $1,000 bond posted by Peter Sunday in 1983. Because Nwabueze failed to appear at a subsequent hearing, we find that no refund is warranted.
 Nwabueze's remaining arguments also lack merit. Accordingly, we DENY the Motion Based on New Evidence, the Motion for Summary Judgment, the Supplemental Motion for Summary Judgment, the Exigent Circumstances Motion, the New Developments Motion, the Motion for Injunctive Relief, and the Statement of Oral Argument/Point of Law Overlooked Motion.