15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Abimael PEREZ-SANTIAGO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abimael Perez-Santiago, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of Perez-Santiago's application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 Perez-Santiago entered the United States in 1975 at the age of 9 years and became a lawful permanent resident in 1976. His immediate family resides in the United States: one sibling is a United States citizen, and his mother and five other siblings are permanent residents. On November 7, 1988, Perez-Santiago was convicted of the sale or transportation of a controlled substance (cocaine), in violation of the California Health and Safety Code. On January 21, 1992, the Attorney General issued an order to show cause ("OSC") why Perez-Santiago should not be deported under 8 U.S.C. Sec. 1251(a)(2)(B)(i), for conviction of a violation of a law relating to a controlled substance. At his deportation hearing, Perez-Santiago, represented by an attorney, admitted the factual allegations in the OSC, conceded deportability, and applied for relief from deportation. On November 2, 1992, the IJ denied Perez-Santiago's request for relief. On March 16, 1993, the BIA affirmed the IJ's decision. Perez-Santiago timely appeals.
 
 
 4
 We review the BIA's decision denying discretionary relief from deportation for an abuse of discretion. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We will reverse the BIA's decision "only if [it] fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. Department of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). The BIA's decision must reflect a proper consideration of favorable and unfavorable factors when exercising its discretion by denying relief. See De La Luz v. INS, 713 F.2d 545, 546 (9th Cir.1983). The existence of outstanding equities does not compel a favorable exercise of discretion. Matter of Buscemi, Int.Dec. No. 3058 at 7-8 (BIA 1988).
 
 
 5
 Perez-Santiago contends the BIA failed to consider all relevant factors and, specifically, failed to consider evidence of his rehabilitation. This contention lacks merit.
 
 
 6
 Perez-Santiago assigns as error the BIA's failure to consider the following testimony concerning his rehabilitation: he has stopped using drugs; he has passed the random drug tests administered by his parol officer; he is gainfully employed; and he is taking a class at a community college. The record indicates that the BIA considered this evidence. In its order, the BIA discusses Perez-Santiago's testimony that he is no longer a drug addict, that he has complied with his probation and passed random drug tests, and that he has not used drugs since February 1992. Thus, we find no merit in Perez-Santiago's assignment of error. See De La Luz, 713 F.2d at 546.
 
 
 7
 Perez-Santiago also contends the BIA erred by finding the adverse factors outweigh the favorable factors. We disagree.
 
 
 8
 In its decision, the BIA properly recognized the favorable and adverse factors presented. The BIA agreed with the IJ that Perez-Santiago's length of residence and family ties in the United States demonstrated "unusual or outstanding equities." Nevertheless, like the IJ, the BIA determined that these equities were insufficient to warrant the exercise of discretion in granting section 212(c) relief. In addition to considering Perez-Santiago's testimony concerning his rehabilitation, the BIA considered that Perez-Santiago began using heroine and cocaine at the age of 18 and has never entered a drug treatment program. The BIA also considered that Perez-Santiago had been convicted of other offenses prior to his 1988 cocaine conviction and had previously violated his probation.[1] The BIA noted that Perez-Santiago had worked since the ninth grade but never paid income tax. The BIA found that Perez-Santiago's deportation would not create a serious financial hardship on his immediate family, although his family would suffer emotional hardship. The BIA determined that the favorable factors do not outweigh his criminal record, which is a "significant negative factor."
 
 
 9
 The record indicates the BIA considered all the factors and supported its conclusion with a reasoned explanation. Given these circumstances, we cannot say it abused its discretion by holding that the negative factors outweigh the equities in Perez-Santiago's favor. See Vargas, 831 F.2d at 908. Cf. Ayala-Chavez, 944 F.2d at 642 (BIA did not abuse its discretion by finding that petitioner's residence in the United States since the age of nine and family who resided in the United States were not "outstanding" equities that outweighed petitioner's convictions of cocaine possession and various traffic offenses).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Perez-Santiago was first arrested in 1983 for conspiracy and unlawful taking of a vehicle. In 1986, he was arrested for possession of a stolen vehicle. In 1987, he was arrested for possession of a controlled substance, for which he was sentenced to 45 days, given three years' probation, and fined $300. In 1988, he was arrested for selling a controlled substance, for which he was sentenced to one year and given three years' probation. In 1990, he was arrested for driving a stolen vehicle and was sentenced to three years; he served 13 months of his sentence and was placed on parole for three years. Perez-Santiago did not complete the community service assigned in connection with the 1986 offense and paid only half of the fine assessed in connection with the 1987 offense