**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy BRAGG, Defendant–Appellant.**

No. 97–2293.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1998.

Decided March 16, 1998.

Patricia A. Tomaw (argued), Office of the United States Attorney, Springfield, IL, Jeffrey B. Lang, Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellee.

Douglas C. Scovil (argued), Ruud, Scovil & Marsh, Rock Island, IL, for Defendant–Appellant.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Police arrived at the house of Timothy Bragg with search and arrest warrants. Agent Trudell yelled "police officer, search warrant", knocked loudly two or three times, and yelled "police, search warrant" again. A lack of response from inside led the police to break this door, which absorbed three blows from a battering ram before it yielded. Inside they found a second locked door, which yielded to a single kick. Two of the nine people inside were arrested, and a search turned up about 150 grams of crack cocaine and a handgun. Bragg asked the court to suppress the evidence, arguing that the entry violated 18 U.S.C. § 3109:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

Bragg argued that, after breaking the outer door, the agents should have stopped at the inner door, knocked, and announced their purpose a second time. The district judge rejected this contention after finding that the officers' perception of movement inside the house was an exigent circumstance that justified dispensing with further notice. Cf. *United States v. Ramirez*, —— U.S. ——, 118 S.Ct. 992, —— L.Ed.2d —— (1998) (holding that § 3109 has an implied exception for exigent circumstances). We affirm on a simpler ground: § 3109 applies per house rather than per door, so that if the occupants refuse admittance at the first door the police may

break open whatever other doors stand in their way.

■ Section 3109 does not say whether its rule applies per dwelling or per door, but two considerations persuade us that the former reading is correct. The first is the function of the statute, which is to afford the occupant notice so that he may open the door peaceably and prevent needless destruction of property, as well as to avert the potentially violent confrontation that could ensue if the occupant mistakes the police for invading criminals. See *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958). So the statute requires the officer to give "notice of his authority and purpose". If the officer "is refused admittance"—and failure to answer the door is a form of refusal, see *United States v. Markling,* 7 F.3d 1309 (7th Cir.1993)—then the door may be broken to execute the warrant. Notice tells the occupants who is at the door; the opportunity to open the door in response enables the occupants to avert damage to their dwelling. One notice suffices no matter how many doors the building has. Take the layout of Bragg's house, with an outer door, a vestibule or porch, and then an inner door. If the knocks and announcements were loud enough to alert the occupants to the request for admission—and they had to be, else § 3109 was violated at the outer door—and if the occupants were willing to admit the police, then they would have opened the inner door on their way to the outer door. It was only because the occupants ignored the knocks and announcements that the police were entitled to break in. Why should the police think that matters would be different if they knocked, announced, and waited a second time? A fresh knock-and-announce sequence following refusal to open the outer door in response to the first would not serve any of the statutory purposes but would give criminals extra time to dispose of evidence or prepare to attack the police. As it happens, this is exactly how Bragg tried to use the time. When he learned that the police were at hand, Bragg took off for the roof, where he tried to hide from apprehension and discard evidence. What is more, if § 3109 applies per door rather than per dwelling, the police may have to stop and wait more than twice. The hall door may be closed; so too

with the kitchen door, the bathroom door, and the door to the walk-in closet. *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), holds that § 3109 requires an announcement and delay before opening an unlocked door, so if the statute applies to inner doors after entry has been refused at the outer door we must contemplate the spectacle of officers knocking on closet doors (and the doors of china cabinets?) and demanding admittance, over and over, within a single house, as they execute a search warrant. That is not a plausible construction of § 3109.

Precedent is the second reason. Only one appellate case addresses the question whether officers who are refused admittance at (and break through) an outer door must continue to demand admittance at closed inner doors. *United States v. Crawford,* 657 F.2d 1041 (9th Cir.1981), holds that they need not. The second door in *Crawford* was a bedroom door rather than a vestibule door, but the principle is general. *Crawford* relies on a plenitude of cases holding that § 3109 requires only one knock-and-announcement per dwelling. Suppose officers arrive at the front and back doors of a house, knock and announce at the front, and are refused entry. May they then enter the front and back doors simultaneously, or must they announce separately at the back door? *Vanella v. United States,* 371 F.2d 50 (9th Cir.1966), and *United States v. Viale,* 312 F.2d 595 (2d Cir.1963), hold that the police may use all available entrances, without knocking separately at each. This conclusion, often followed and never criticized, is incompatible with a contention that § 3109 applies per door.

The district judge held that the police complied with § 3109 at the outer door and were entitled to use the battering ram when the occupants did not answer the knocks. Bragg observes that the police did not ring the doorbell, but this does not undercut the district court's (implicit) finding, well supported by the record, that the knocks and announcements were loud enough to notify the occupants of the demand for entry. The evidence seized from the house therefore was admissi-

ble in evidence. Bragg's remaining arguments do not require discussion.

AFFIRMED