THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN A. WOODS, Defendant-Appellant.

Second District    No. 2—98—0575

Opinion filed December 3, 1999.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Bonnie F. McGrath, of Chicago, for the People.

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Steven Woods, was found guilty following a jury trial

of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)), unlawful possession of cannabis (720 ILCS 550/4(c) (West 1996)), and unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 1996)). Defendant appeals, contending that the court erred by failing to suppress evidence obtained during a search of defendant's apartment. Defendant argues that the officers executing the warrant failed to comply with the "knock-and-announce" rule. We affirm.

On July 17, 1997, police executed a search warrant at defendant's second-floor apartment. The building's main door led into a vestibule containing the door to the downstairs apartment and the staircase to the upstairs apartment. Defendant's girlfriend, Patricia Brown, testified that if someone knocked at the main door a resident of either apartment would answer. On July 17, 1997, Brown heard a knock at the main door and went downstairs to answer it. A woman introduced herself as Jenny and asked for defendant. Brown said that he was in the shower, as they were getting ready for bed. The woman again asked for defendant and Brown again explained that he was getting ready for bed.

According to Brown, the woman who introduced herself as Jenny was not in uniform. "Jenny" then forced her way through the door and two men followed her. Brown yelled for defendant because she did not know what was happening. One of the men put his hand over Brown's mouth and told her to be quiet. Brown testified that she had closed the apartment door because she did not want her dog to get out.

Jennifer Ahrens, an Elgin police detective, testified that she knocked at the outer door, introduced herself as Jenny, and asked for defendant. She asserted that she was in her police gear, although the word "police" on the jacket was covered up and her badge was hidden. Five other officers hid in the bushes while she approached the door. After Brown answered, the other officers started to enter. They explained to Brown that they were police officers executing a search warrant and told her not to scream.

Mario Elias, another detective, testified that after the door was answered Ahrens announced their office. Elias and the other officers went upstairs yelling "Police Department. Search warrant." They found the upstairs door open, walked in, and found defendant in the bathroom, standing in front of the toilet with his "clothes around his ankles."

The trial court denied defendant's motion to suppress, stating that the issue was one of credibility and that it did not find Brown's testimony credible. At trial, the officers testified similarly about exe-

cuting the warrant. Ahrens testified that they recovered crack cocaine and a crack pipe from defendant's pocket. Another pipe and several push rods were found in a dresser. A plastic bag of cannabis was found in a jacket in the bedroom closet.

Elias testified at trial that the stairway to defendant's apartment did not have many stairs and it took a "couple of seconds" to get to the top. The jury found defendant guilty of all charges. The court sentenced him to 30 months' probation. After the court denied his motion to reduce sentence, defendant filed a timely notice of appeal.

Defendant contends that the court erred in denying his motion to suppress because the police violated the "knock-and-announce" rule while executing the search warrant. He argues that the officers' conduct in announcing their office, then immediately forcing their way through the open door, was unreasonable and failed adequately to protect defendant's privacy interest.

■ A trial court's decision on a suppression motion will not be disturbed on review unless it was manifestly erroneous. *People v. McArthur*, 304 Ill. App. 3d 395, 397 (1999). However, where neither the facts nor the credibility of the witnesses is contested, the issue is a legal question that we review *de novo*. *People v. Krueger*, 175 Ill. 2d 60, 64 (1996). Here, defendant does not contest the trial court's credibility determinations but argues that its decision was erroneous as a matter of law. Therefore, we review the issue *de novo*.

■ Although not a constitutional requirement in and of itself, the rule that an officer should knock and announce his purpose before executing a warrant at a private residence is part of the inquiry into the overall reasonableness of the officer's conduct. *Wilson v. Arkansas*, 514 U.S. 927, 934, 131 L. Ed. 2d 976, 982, 115 S. Ct. 1914, 1918 (1995); *Krueger*, 175 Ill. 2d at 65-66. The purposes of the rule are (1) to decrease the potential for violence that could occur from an unannounced entry if the occupants take defensive measures; (2) to protect privacy as much as possible by giving the occupants notice of the police presence and some time to respond; and (3) to prevent the needless destruction of property. *Krueger*, 175 Ill. 2d at 66; *People v. Condon*, 148 Ill. 2d 96, 103 (1992).

■ Here, the purposes of the rule were fulfilled when a member of defendant's household answered the door. The possibility of a violent response from the occupants because they mistook the police for an intruder was eliminated. The occupants, collectively, had at least a minimal opportunity to ready themselves for the police intrusion, and no private property was destroyed during the entry. No more was required.

Pointing to police testimony that it took only "a couple of seconds"

to ascend the staircase, defendant then cites cases holding that the police are required to wait for some time—usually at least 5 to 10 seconds—between knocking and announcing their presence and entering the building. However, in those cases, the police received no answer and had to make forced entries. Defendant cites no authority for the contention that the police must wait an additional time after receiving an answer to their knock. In *People v. Saechao*, 129 Ill. 2d 522 (1989), on which defendant relies heavily, the court noted that a person should have a reasonable time to respond before a *forced* entry. *Saechao*, 129 Ill. 2d at 533. Nothing in that case states that the police must wait a certain time after the door is opened for them.

Defendant also contends that the police should have knocked again at the inner door to the apartment. Generally, the knock-and-announce rule applies per building, rather than per door. *United States v. Bragg*, 138 F.3d 1194, 1194-95 (7th Cir. 1998). *Bragg* is factually distinguishable because it involved multiple doors at a single-family residence, rather than an inner door to an apartment, but it stands generally for the principle that the police have no further obligation after receiving a response to their knock. A different result might have occurred had the police found the inner door locked. See *Tatman v. State*, 320 A.2d 750 (Del. 1974). However, that is not what happened. After Brown opened the outer door, the police simply ascended the stairs and (according to police testimony that the trial court apparently credited) entered the apartment through the open door. Brown testified that residents of both apartments would answer the outer door, thus effectively treating the vestibule as an extension of their apartments. It is undisputed that on this occasion Brown actually did answer the door. We need not speculate what would happen under different circumstances.

Defendant makes much of the fact that the police walked in on him in the bathroom while he was effectively naked. While this is unfortunate, there is no evidence that the police manipulated the timing of their entry to embarrass defendant. As the State points out, the knock-and-announce rule is intended to provide occupants with only a modicum of privacy while preserving for the police the element of surprise so that the occupants cannot escape or destroy evidence. The subject of a warrant has no right to prepare for the police entry in the same way as to receive a social guest.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.