**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON VINICIO CHINCHILLA CASTANEDA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 06-75456 <br><br> Agency No. A071-975-439 <br><br> MEMORANDUM[*] |
| BYRON VINICIO CHINCHILLA CASTANEDA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 07-72793 <br><br> Agency No. A071-975-439 |
| BYRON VINICIO CHINCHILLA CASTANEDA, | No. 07-74377 <br><br> Agency No. A071-975-439 |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

```
                          |
              Petitioner, |
                          |
   v.                     |
                          |
ERIC H. HOLDER, JR., Attorney General, |
                          |
              Respondent. |
                          |
```

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,** and GRABER, Circuit Judges.


Petitioner Byron Vinicio Reyes Castaneda ("Mr. Castaneda")[1] petitions for

review of three decisions of the Board of Immigration Appeals ("BIA"): on his

initial appeal; on his motion to reopen; and on his motion to reconsider. We have

jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and (a)(2)(D). For the reasons that

follow, we grant the petition concerning the Board's denial of reopening on the

basis of ineffective assistance of counsel. Because we grant the petition on

---

    **      The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

    [1]     The Petitioner's immigration case was initiated under the name Byron
Vinicio Chinchilla Castaneda and never was corrected to reflect his legal name,
shown on his birth certificate, of Byron Vinicio Reyes Castaneda.

reopening, we deny as moot his petition for review of the Board's subsequent denial of reconsideration. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1122 (9th Cir. 2000). Finally, we dismiss the petition from his initial appeal. Mr. Castaneda, still represented by his first attorney, Otto Pena, made no argument whatsoever to the Board in support of his appeal, failing even to submit a brief. As a result, he failed to exhaust his arguments concerning the IJ's conduct, and we lack jurisdiction. See Sanchez-Cruz v. INS, 255 F.3d 775, 779-80 (9th Cir. 2001) (dismissing petition asserting a "colorable claim" of a due process deprivation before the IJ because it had not been presented to the Board).

We review denials of motions to reopen for abuse of discretion and defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law. Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.), amended by 383 F.3d 968 (9th Cir. 2004).[2]

---

[2] We have jurisdiction to review the Board's denial of Mr. Castaneda's motion to reopen his removal case for further consideration of his claim for cancellation of removal. Although cancellation is a discretionary remedy, and the Board's prior decision denying relief rested on discretionary grounds, Mr. Castaneda raises an issue regarding ineffective assistance of counsel. As we stated in Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir. 2006), our jurisdiction in such cases extends to determine whether prior counsel's performance prejudiced an alien. In this analysis, we may consider not only new claims for relief supported in the motion to reopen, but claims previously made in the initial proceedings if prior counsel's alleged ineffectiveness caused the claims to have been presented

(continued...)

3

**a.**

The Board denied the motion to reopen in part on timeliness grounds. In cases in which ineffective assistance of prior counsel has been demonstrated, the motions deadline is equitably tolled until the alien "'definitively learn[ed]'" of his counsel's defectiveness. See Singh v. Gonzales, 491 F.3d 1090, 1096 (9th Cir. 2007) (quoting Albillo-DeLeon v. Gonzales, 410 F.3d 1090, 1100 (9th Cir. 2005)). The Board determined that, because he had not shown prejudice, Mr. Castaneda had failed to present a viable claim of ineffectiveness. As a result, tolling was not warranted. On reconsideration, the Board clarified that, even if ineffectiveness supported tolling, Mr. Castaneda's motion was still late because it was filed more than ninety days from the time he consulted with his second attorney.

We disagree. Substantial evidence does not support the conclusion that Mr. Castaneda definitively learned of his prior counsel's deficiencies merely because he met with new counsel once. Although deficiency was suggested in that first meeting, there is nothing in the record to suggest that he had definitive knowledge at that time. Indeed, he quickly worked to collect various documents, returned to meet the new attorney a week later and, armed with new evidence, they concluded

---

[2](...continued)
"defectively." Id. at 602.

4

that prior counsel's performance had been deficient. The motion was filed within ninety days of that second meeting. One week to collect documents demonstrates sufficient diligence on his part. Cf. Singh, 491 F.3d at 1096-97 (denying tolling based on lack of diligence when the alien had suspicions about counsel's performance within a few weeks of the Board's decision, but failed to consult a new attorney for six months).

**b.**

The Board abused its discretion in denying Mr. Castaneda's motion to reopen when it concluded that counsel's alleged deficiencies did not prejudice Mr. Castaneda.[3] The Board's obligation in making a determination on cancellation of removal is "to weigh both favorable and unfavorable factors by evaluating all of

---

[3] It appears to us that there is little question that counsel's performance was so deficient as to have violated Mr. Castaneda's right to due process in his immigration proceeding. Counsel's failure to prepare his client in any way for the hearing and his client's testimony, counsel's failure to discover and submit relevant and probative evidence, and counsel's failure to file a brief in support of his client's appeal to the BIA after indicating counsel's intention to do so cumulatively require the conclusion that counsel's performance reached the level of constitutional deficiency. See Ahmed v. Mukasey, 548 F.3d 768, 771 (9th Cir. 2008) (holding that an attorney's performance was deficient as a matter of law when it resulted in an "immigration hearing so fundamentally unfair that [the alien] was prevented from reasonably presenting his case," although the Board had rested its decision on lack of prejudice alone (internal quotation marks omitted) (alteration in original)).

them, assigning weight or importance to each one separately and then to all of them cumulatively." Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotation marks omitted); see also De La Luz v. INS, 713 F.2d 545, 546 (9th Cir. 1983) (noting that, among favorable factors to be considered on remand was additional evidence of hardship to the petitioner's children). In the present case, the Board concluded that the new evidence—much of which related to the special educational needs of his two United States citizen sons—was not connected to the reasons of his prior denial. In the Board's view, this evidence was cumulative evidence of *hardship*, but cancellation ultimately was denied in the exercise of discretion. As our cases make clear, however, the discretionary determination is a totality of the circumstances inquiry. See Franco-Rosendo, 454 F.3d at 966. Simply because evidence is probative particularly on the issue of hardship does not show that it is irrelevant to the agency's ultimate exercise of discretion. The Board's opinion, which assumes that the alien demonstrated hardship, does not show that the degree of hardship was in any way accounted for in the discretionary determination. Moreover, with his motion to reopen, Mr. Castaneda submitted evidence that draws into question one of the negative findings of the Board weighing against the exercise of discretion: receipt of Medi-Cal benefits. The Board did not mention this evidence, which is connected directly to

6

the Board's initial basis for denial. Therefore, the Board's failure to address it was an abuse of discretion.

Accordingly, we dismiss the petition from the initial appeal to the Board, No. 06-75456. We grant the petition concerning the Board's denial of reopening and remand for further proceedings, No. 07-72972. We deny as moot his petition for review of the Board's denial of reconsideration, No. 07-74377.

**Petition 06-75456 DISMISSED; Petition 07-72793 GRANTED; Petition 07-74377 DENIED.**