FILED

NOT FOR PUBLICATION

MAR 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL GONZALEZ-MELCHOR,

Defendant - Appellant.

No. 11-50490

D.C. No. 3:09-cr-03326-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Manuel Gonzalez-Melchor appeals the district court's denial of his motion

to dismiss an indictment charging him with illegal reentry after deportation

pursuant to 8 U.S.C. § 1326. Gonzalez-Melchor collaterally attacked the validity

of his 1995 deportation on due process grounds under 8 U.S.C. § 1326(d), arguing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that he was not adequately advised as to the possibility of obtaining voluntary departure at his removal hearing. The district court denied the motion, finding that Gonzalez-Melchor failed to demonstrate actual prejudice resulting from the purported due process violation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's denial of Gonzalez-Melchor's § 1326(d) motion. *United States v. Gonzalez*, 429 F.3d 1252, 1255 (9th Cir. 2005) (citing *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001)). In order to sustain a collateral attack on an underlying deportation pursuant to 8 U.S.C. § 1326(d), a defendant must establish that entry of the underlying removal order was "fundamentally unfair." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). This requires not only a showing that the defendant's "due process rights were violated by defects in his underlying deportation proceeding," but also that "he suffered prejudice as a result of the defects." *Id.* (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)) (internal quotation marks omitted). "An alien seeking to prove prejudice need not establish that he definitely would have received immigration relief, but only that he had 'plausible grounds' for receiving such relief." *United States v. Barajas-*

2

*Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011) (quoting *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998)).

In considering whether to grant a request for voluntary departure, an Immigration Judge must "weigh both favorable and unfavorable factors." *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1994) (quoting *De la Luz v. INS*, 713 F.2d 545, 545 (9th Cir. 1983)).

> Favorable factors include: family ties within the United States; residence of long duration in this country, particularly if residence began at a young age; hardship to the petitioner or petitioner's family if relief is not granted; service in the United States armed forces; a history of employment; the existence of business or property ties; evidence of value and service to the community; proof of rehabilitation if a criminal record exists; and other evidence attesting to good character.

> Unfavorable factors include: the nature and underlying circumstances of the exclusion or deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record; and other evidence of bad character or the undesirability of the applicant as a permanent resident.

*Id.* at 852 n.8 (citations omitted).

In this case, although Gonzalez-Melchor had no criminal convictions and had worked in the United States, he admitted to having illegally reentered without inspection numerous times, lived only part time in the United States over a seven-year period, and indicated that he had no American citizen children and no family

3

in the United States.  In light of Gonzalez-Melchor's repeated violations of immigration laws and minimal countervailing positive equities, it is not plausible that an immigration judge would have granted him voluntary departure.  *See, e.g., United States v. Zavala-Zavala*, No. 11-5782, 2012 WL 1969289, at \*4 (S.D. Cal. June 1, 2012) (finding voluntary departure not plausible where defendant violated immigration laws on numerous occasions and had few ties to the United States); *In re Arguellos-Campos*, 22 I. & N. Dec. 811, 819 (BIA 1999) (affirming a denial of voluntary departure where the alien had no criminal record, but had illegally entered the United States multiple times).

Because he has not shown that relief was plausible, Gonzalez-Melchor has not established prejudice resulting from any due process violation at his 1995 removal hearing and cannot successfully attack his § 1326 conviction on that basis.

**AFFIRMED.**