Josefina **GONZALES–BATOON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 84–7082.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1985.

Decided June 24, 1985.

Order Designating Authorship Aug. 1, 1985.

J. Blaine Anderson, Circuit Judge, filed dissenting opinion.

D. Michael Eakin, Mont. Legal Services Ass'n, Billings, Mont., for petitioner.

Joseph F. Ciolino, Washington, D.C., for respondent.

Before CHOY, ANDERSON, and TANG, Circuit Judges.

## ORDER

The Memorandum decision filed June 24, 1985, is hereby redesignated an Opinion authored by Judge Choy.

Petition for Review from the Board of Immigration Appeals.

Before CHOY, Senior Circuit Judge, ANDERSON and TANG, Circuit Judges.

CHOY, Senior Circuit Judge.

In reaffirming its denial of Batoon's motion to reopen, the Board of Immigration Appeals (BIA) ignored our instructions in *Batoon v. INS*, 707 F.2d 399 (9th Cir.1983). In *Batoon*, we reversed and remanded the BIA's denial of the motion to reopen stating that:

The board apparently ignored the psychiatrist's opinion that deportation probably will result in effects requiring long-term psychiatric hospitalization, at the least. Evidence of that unusual hardship

should have been considered *independently of the adequacy of available care in the Philippines.*

*Batoon,* 707 F.2d at 402 (emphasis added).

When the BIA addressed the psychiatric report that concluded that deportation likely would cause Batoon serious psychological illness, it dismissed the report's significance by noting that there was no indication that adequate medical care would be unavailable in the Philippines. In short, the BIA did exactly what it did the first time around and simply ignored our instructions in *Batoon*. The BIA did not assert that long-term psychiatric hospitalization would not constitute extreme hardship. Instead, it rejected the extreme hardship claim by simply reciting that "there is no indication that adequate treatment would be unavailable in the Philippines." [1]

Therefore, because the BIA did not consider the psychiatric report (which found that deportation would likely cause Batoon serious psychological illness) independently of the adequacy of medical care in the Philippines, the BIA's denial of the motion to reopen is REVERSED and REMANDED for proper consideration.[2]

---

1. The BIA does attempt to give alternative bases for its conclusion independent of the adequacy of medical care in the Philippines. None of the alternative grounds, however, is valid.

The BIA claims that the psychiatrist's report does not "establish that the respondent *currently* suffers from any psychiatric illness." (emphasis added). That assertion, however, does not address the relevant issue of whether Batoon would suffer psychiatric illness *upon deportation.* The psychiatrist's report clearly does conclude that if deported she would "quite likely" develop "a permanent psychiatric disability" that "would effectively signal the end of productive life outside of a hospital." Such a prognosis could easily constitute extreme hardship. It is irrelevant that she does not now (prior to any potential deportation) suffer from any psychiatric illness.

The BIA also dismissed the psychiatric evidence as not being "new." However, the BIA's conclusion is erroneous in light of the report's significant reliance upon transcultural psychiatry. Because the psychiatrist declared by affidavit that it was not until 1980 (which is after Batoon's first motion to reopen) that he moved to Montana, and that he is the only transcultur-

al psychiatrist in the region, the psychiatric evidence was "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2.

2. The BIA states that even if a prima facie case of extreme hardship were presented, it would still deny the motion in the exercise of discretion, noting that Batoon had refused to leave the country despite orders to depart by filing numerous appeals and private bills over the last 12 years. Although the BIA does have the power to make such a discretionary determination at the motion to reopen stage, *see I.N.S. v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 2101–02, 85 L.Ed.2d 452 (1985), because the BIA failed to properly consider the psychiatric report, we must remand to the BIA so that it may exercise its discretion only after fully and properly considering all factors bearing on such a determination. *See De La Luz v. I.N.S.,* 713 F.2d 545, 545 (9th Cir.1983). In particular, it must consider the psychiatric report's claim that deportation would result in long-term psychiatric hospitalization independently of the adequacy of medical care in the Philippines.

J. BLAINE ANDERSON, Circuit Judge, dissenting:

The natural sympathy engendered by the petitioner's desire to remain in the United States cannot overcome the Supreme Court's unqualified holding in *INS v. Rios-Pineda*, — U.S. —, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985). In these extended proceedings, the BIA has sufficiently considered all factors relevant to Batoon's extreme hardship claim. In any event, the BIA stated it would deny the motion as a matter of discretion. Under *Rios-Pineda*, we may not disturb that holding.

> "We have also held that if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met. *INS v. Bagamasdad*, 429 U.S. 24 [97 S.Ct. 200, 50 L.Ed.2d 190] (1976); *see also [INS v.] Jong Ha Wang, supra* [450 U.S. 139] at 143–144 n. 5 [101 S.Ct. 1027, 1030–1031 n. 5, 67 L.Ed.2d 123]."

— U.S. at —, 105 S.Ct. at 2102.

I respectfully dissent and would deny the petition for review.