967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demoz KIDANE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided June 25, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Demoz Kidane petitions this court for review of the Board of Immigration Appeals' (BIA) final decision in his deportation proceedings. Kidane's motion to reopen and reconsider his deportation proceedings, filed pursuant to 8 U.S.C. §§ 1158(a) and 1253(h), was denied by the Immigration Judge (IJ). Kidane appealed the IJ's decision to the BIA. The BIA affirmed. Kidane petitions for review of the BIA's decision. We have jurisdiction over the petition pursuant to 8 U.S.C. § 1105a. We deny the petition.
 
 
 4
 On December 26, 1987, Kidane, a citizen of Ethiopia, entered the United States as a nonimmigrant visitor to obtain medical treatment.[1] He was permitted to stay in this country until July 25, 1988.
 
 
 5
 Kidane remained in this country without authority beyond July 25, 1988. Thereafter, Kidane presented himself to the Immigration and Naturalization Service (INS) in Portland, Oregon. On January 23, 1989, the INS issued an order requiring Kidane to show cause why he should not be deported.
 
 
 6
 Kidane retained a certified representative, Margaret Godfrey, to represent him in his deportation proceedings. On February 28, 1989, Kidane, represented by Godfrey, attended a telephonic deportation hearing where Godfrey admitted all factual allegations, conceded deportability, and requested voluntary departure. Kidane was granted voluntary departure until September 1, 1989. Subsequently, Kidane's request for an extension of time to depart until May 5, 1990, was granted.
 
 
 7
 On December 4, 1989, Kidane filed a motion to reopen and reconsider his deportation proceedings and stay his voluntary departure based on a request for asylum. The IJ denied Kidane's motion to reopen because Kidane had failed to meet the strict requirements of 8 C.F.R. § 242.22. The IJ reasoned that if Kidane had actually suffered the injustices and persecution reported on his asylum application he would have requested an asylum hearing instead of voluntary departure to Ethiopia.
 
 
 8
 Kidane appealed the IJ's denial of his motion to reopen to the BIA. The BIA affirmed the IJ's decision. First, the BIA found that Kidane had failed to make an adequate showing that the representation he received was ineffective. Second, the BIA found that the affidavits submitted by Kidane in support of his motion to reopen did not present material, previously unavailable evidence. Finally, the BIA found that although the letter from the Kidane's father was dated after the hearing, it was insufficient to warrant reopening because the letter did not indicate that Kidane may face persecution, within the meaning of the Act, if he is returned to Ethiopia. The BIA concluded that the IJ did not err in denying Kidane's motion to reopen.
 
 STANDARD OF REVIEW
 
 9
 The BIA's refusal to reopen and reconsider Kidane's deportation proceedings is reviewed under the abuse of discretion standard. INS v. Abudu, 485 U.S. 94, 105 (1988). The BIA's decision is upheld unless it is arbitrary, irrational, or contrary to law. Ramon-Sepulveda v. INS, 743 F.2d 1307, 1309 (9th Cir.1984) (citing Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983)).
 
 DISCUSSION
 I. Motion to Reopen
 
 10
 There is no statutory provision governing the reopening of deportation proceedings. The authority for such motions derives solely from regulations promulgated by the Attorney General. INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). Pursuant to 8 C.F.R. Section 242.22 (1989), "a motion to reopen will not be granted unless the immigration judge is satisfied that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing". Whether to reopen the deportation proceedings is a matter entirely within the discretion of the immigration judge. See id.
 
 
 11
 A. Motion to Reopen Based Upon an Application for Asylum
 
 
 12
 An alien may request the reopening of a deportation based on a request for asylum. 8 C.F.R. § 242.22 (1989); 8 C.F.R. § 208.11 (1989). Pursuant to 8 U.S.C. § 1158(a) (1989), "the alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." Section 1101(a)(42)(A) defines the term "refugee" as
 
 
 13
 any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion....
 
 
 14
 The alien must show a well-founded fear of persecution on account of race, religion, nationality, social group or political opinion to be eligible for asylum. Ghadessi v. INS, 797 F.2d 804, 806 (9th Cir.1986). The alien must present "specific facts" through objective evidence to prove either past persecution or "good reason" to fear future persecution. Cardoza-Fonseca v. U.S. INS, 767 F.2d 1448, 1453 (9th Cir.1985), aff'd, 480 U.S. 421 (1987) (citing Carvajal-Munoz v. INS, 743 F.2d 562, 574 (7th Cir.1984)).
 
 
 15
 Kidane argues that the evidence he submitted in support of his motion to reopen was sufficient to demonstrate a well-founded fear of persecution. The BIA found that all of the evidence, except the letter written to Kidane by his father, was previously available and, therefore, did not satisfy the standard for reopening set forth in 8 C.F.R. § 242.22.
 
 
 16
 The letter written to Kidane by his father notified Kidane that the Ethiopian Government was arresting and killing many young people in Asmara. The letter also revealed that a Keeble guard had come to the house to look for Kidane and inquire when he would return. Finally, the letter warned Kidane not to come back to Ethiopia because they will arrest him. The BIA found that this letter failed to demonstrate that Kidane may face persecution, within the meaning of the Act, if he is returned to Ethiopia.
 
 
 17
 Threats to young people of Kidane's province of Eritrea are not specific enough to demonstrate a well-founded fear of persecution. Because the alien must demonstrate that the feared persecution pertains to him individually and that there is objective evidence demonstrating good reason to fear future persecution, the BIA's determination that the letter was insufficient to support a motion to reopen was not an abuse of discretion.
 
 
 18
 B. Motion to Reopen Based Upon a Claim of Ineffective Assistance of Counsel
 
 
 19
 An alien has a statutory right to have counsel present at his deportation proceeding. 8 U.S.C. § 1252(b) (1989); see also, 8 U.S.C. § 1362 (1989). The alien's right to effective assistance of counsel in deportation proceedings derives from the fifth amendment due process guarantee of a full and fair hearing. Mohsseni Bahbahani v. INS, 796 F.2d 249, 251 n. 1 (9th Cir.1986) (citing Ramirez v. INS, 550 F.2d 560, 563 (9th Cir.1977)). See also, Thorsteinsson v. INS, 724 F.2d 1365, 1367 (9th Cir.1984), cert. denied, 467 U.S. 1205 (1984). The sixth amendment's guarantee of the right to counsel is not, however, applicable in civil deportation proceedings. Mohsseni, 796 F.2d at 251 n. 1 (citing Ramirez, 550 F.2d at 563).
 
 
 20
 To prove a claim of ineffective assistance of counsel in a deportation proceeding, the alien "must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986) (citation omitted). Additionally, the alien must demonstrate prejudice. Colindres-Aguilar v. INS, 819 F.2d 259, 261-62 (9th Cir.1987) (citations omitted).
 
 
 21
 When a motion to reopen deportation proceedings is based on a claim of ineffective of counsel the following conditions must be met:
 
 
 22
 (1) the motion should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts;
 
 
 23
 (2) before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond; and
 
 
 24
 (3) if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.
 
 
 25
 Matter of Lozada, 19 I. & N. Dec. 637 (BIA1988). These stringent conditions are necessary to provide a foundation for evaluating the substantial number of ineffective assistance of counsel claims the BIA receives. Id.
 
 
 26
 In the present case, Kidane argues, in his appeal to the BIA, that his motion to reopen should be granted because his certified representative was ineffective.[2] Specifically, Kidane alleges that Godfrey rendered ineffective assistance of counsel when she failed to request an asylum remedy at the deportation hearing and to support the motion to reopen with witness statements and legal arguments. Kidane further argues that the BIA's application of the third Lozada requirement is a new rule that has been applied retroactively in this case.
 
 
 27
 Although the BIA mentions, in a footnote, that Kidane failed to satisfy the third Lozada requirement because he did not notify the appropriate disciplinary authority[3] of the alleged poor representation, this notation did not preclude the BIA from reaching the merits of Kidane's ineffective assistance of counsel claim. Rather, the BIA determined that Kidane's appeal should be denied because he failed to make "an adequate showing that the representation he received was ineffective."[4]
 
 
 28
 In the present case, Kidane retained a certified representative. Godfrey was present at Kidane's deportation proceeding with him. Even assuming Godfrey failed to inform Kidane of the asylum remedy, Kidane has failed to demonstrate that Godfrey's decision to seek voluntary departure rather than asylum violated his fifth amendment right and prejudiced him. Furthermore, a representative's failure to provide legal arguments in support of a motion to reopen does not amount to a deprivation of due process. Cf. Matter of Lozada, 19 I. & N. Dec. 637 (BIA1988). Kidane has not demonstrated that the lack of legal arguments or witness statements to support his motion to reopen violated his fifth amendment right and prejudiced him. Hence, the BIA did not abuse its discretion when it found that Kidane failed to make an adequate showing that the representation he received was ineffective.
 
 CONCLUSION
 
 29
 It was within the BIA's discretion, in considering Kidane's appeal on his motion to reopen his deportation proceedings, to decide that Kidane had failed to demonstrate ineffective assistance of counsel and satisfy the requirements necessary to sustain a motion to reopen. The petition for review is denied.
 
 
 
 *
 Honorable Myron D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kidane sought medical treatment for ear injuries he sustained when he was beaten by government soldiers and prison guards
 
 
 [2]
 The petitioner contends that proof of ineffective assistance of counsel provides sufficient grounds to conclude that proffered evidence was not available and could not be discovered at the time of the original hearing. The petitioner's reliance on Roque-Carranza v. INS, 778 F.2d 1373 (9th Cir.1985), to support this contention is misplaced. In Roque, this court found that if the evidence of ineffectiveness was material, the petitioner could cite his counsel's incompetence and abandonment of his case as the reason the new evidence "was not available and could not have been discovered or presented". Id. at 1374 (emphasis added). This court did not, however, determine whether such evidence would be sufficient to support a motion to reopen
 
 
 [3]
 The appropriate disciplinary authority in this case is the INS because Godfrey is a certified representative
 
 
 [4]
 The scope and applicability of the third Lozada requirement is, therefore, not currently before this court