8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul Ganny JAJI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Oct. 12, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abdul Ganny Jaji requests review of the decision of the Board of Immigration Appeals denying suspension of deportation under 8 U.S.C. § 1254. We affirm.
 
 
 3
 * Mr. Jaji contends that the BIA abused its discretion in denying his application for suspension of deportation under 8 U.S.C. § 1254(a) on the ground that he failed to establish the element of extreme hardship.
 
 
 4
 "The BIA may construe extreme hardship narrowly. When it denies suspension of deportation, it must give reasons showing that it has considered all relevant factors." Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983) (citations omitted). In determining whether an alien with a medical problem has established extreme hardship, the Board must consider as independent factors the probable effect of deportation on the alien's health and the adequacy of medical care in the alien's homeland. Id. at 402. The alien has the burden of proving that he is eligible for discretionary relief. Villena v. INS, 622 F.2d 1352, 1357 (9th Cir.1980) (en banc ).
 
 II
 
 5
 In its examination of the effect of deportation on Mr. Jaji's mental health, the Board carefully set forth the relevant evidence. Among the factors it considered were the statements of two psychiatrists, Mr. Jaji's lack of emotional and financial support in the United States, his family ties in Nigeria, and the lack of specific evidence that his family will reject him due to his mental illness. It noted that Dr. Patino, the psychiatrist testifying on behalf of Mr. Jaji, stated that he will be at a high risk for decompensation and possibly suicide if returned to Nigeria. It also discussed two letters in the record from Dr. Garcia-Bunuel, a psychiatrist who had examined Mr. Jaji at the request of INS. The first letter recommended that Mr. Jaji be deported without further delay. The second letter neither reiterated nor withdrew that recommendation. The Board did not abuse its discretion in finding that Mr. Jaji failed to prove that deportation will adversely affect his mental health.
 
 
 6
 In addressing the adequacy of medical care in Nigeria, the Board noted Dr. Patino's testimony that the medication Mr. Jaji requires is available in Nigeria, and the psychological treatment and social rehabilitation he needs is available on a very limited basis. The Board did not abuse its discretion in concluding that Dr. Patino's testimony and the research materials on which he relied do not establish that Mr. Jaji will be unable to receive adequate medical treatment for his mental illness in Nigeria.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3