24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elva Eusevia FLORES DE DIAZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70722.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided May 16, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elva Eusevia Flores de Diaz requests review of the decision of the Board of Immigration Appeals denying suspension of deportation under 8 U.S.C. Sec. 1254(a)(1). We affirm.
 
 
 3
 * The BIA may construe extreme hardship narrowly. INS v. Wang, 450 U.S. 139, 145 (1981). When it denies suspension of deportation, it must give reasons showing that it has considered all relevant factors. Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983). In determining whether a medical condition of an alien's United States citizen child constitutes extreme hardship, the Board must consider as independent factors the probable effect of deportation on the health of the alien's United States citizen child and the adequacy of medical care in the alien's homeland. Id. at 402. Flores de Diaz has the burden of proving that she is eligible for discretionary relief. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986); Villena v. INS, 622 F.2d 1352, 1357 (9th Cir.1980) (en banc). We review for abuse of discretion and may not substitute our own interpretation of "extreme hardship" for that of the BIA. Wang, 450 U.S. at 144; Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 4
 In its examination of the effect of deportation on the health of Flores de Diaz's United States citizen son, the Immigration Judge, and by extension the BIA that accepted the Immigration Judge's findings, considered the testimony and affidavits of Flores de Diaz and her husband as to their child's need for medical attention, the costs of obtaining medical attention in Mexico and the remoteness of medical clinics in their native Chihuahua, Mexico. In addition, the Immigration Judge considered the lack of specific evidence that medical care was unavailable in Mexico. The Immigration Judge also considered the letter provided by the physician of Flores de Diaz's son, Raul, which provided:
 
 
 5
 Raul Diaz was last examined in November of 1982. He is being followed for congenital heart disease in the form of a small ventricular septal defect.
 
 
 6
 Raul was doing quite well at his last examination. He is presently just being followed along. There are no restriction placed on Raul and surgical intervention is not indicated.
 
 
 7
 The Board did not abuse its discretion in upholding the Immigration Judge's findings.
 
 II
 
 8
 Ms. Flores de Diaz contends that the BIA abused its discretion in denying her application for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1) on the ground that she failed to establish the element of extreme hardship based on presented cumulative facts, namely, economic hardship, hardship to the children, hardship due to separation from her husband and hardship due to her son's medical problems. The Immigration Judge decided the case based on all record evidence. He concluded that the children were young and bilingual and would suffer no particular hardship as a result of relocation to Mexico. He also noted that neither economic factors nor emotional distress due to deportation could constitute extreme hardship. All petitioner's claims were considered. There was no abuse of discretion. Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986).
 
 III
 
 9
 Petitioner Flores de Diaz argues the BIA violated her due process rights because it failed to address her arguments. The Board must offer reasons for denying the requested relief. Alvarez-Madrigal v. INS, 808 F.2d 705, 706 (9th Cir.1987) ( citing Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986)). The Board stated explicitly in its order, "[w]e find the immigration judge properly denied the respondent's application for suspension of deportation based upon and for the reasons set forth in his decision." The Immigration Judge cited reasons for finding that Flores de Diaz did not meet the extreme hardship requirement. By adopting the Immigration Judge's reasoning and conclusions, the Board set forth adequate reasons for finding that Flores de Diaz was not entitled to suspension of deportation.
 
 IV
 
 10
 Finally, Flores de Diaz argues that the Board failed to consider the hardship to her United States citizen children if she is deported, and leaves the children in the United States. In the evidence and testimony presented, Flores de Diaz indicated that, if deported, her children would accompany her. No argument was made that the United States citizen children would remain in California without their mother. Thus, the BIA did not err by not considering this factor. This issue may not be raised for the first time before the Court of Appeals. Israel v. INS, 710 F.2d 601, 606 (9th Cir.1983), cert. denied, 465 U.S. 1068 (1984); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1212 (9th Cir.1983); Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982).
 
 
 11
 The Board did not abuse its discretion by denying the application for suspension of deportation based on failure to establish extreme hardship. All relevant factors relating to extreme hardship were considered. There is record support for the discretionary denial of suspension of deportation.
 
 
 12
 AFFIRMED.
 
 HUG, Circuit Judge, dissenting:
 
 13
 I respectfully dissent.
 
 
 14
 When the BIA denies suspension of deportation, it must give reasons demonstrating that it has considered all relevant factors. Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983). The BIA abuses its discretion when it "disregards important aspects of the alien's claim," Saldana v. INS, 762 F.2d 824, 827 (9th Cir.1985), or if it fails to "give reasons which show that it has properly considered the facts which bear on its decision." Mejia-Carillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). In the present case, the majority errs by not remanding to the BIA for its failure to consider all relevant circumstances pertaining to Flores de Diaz's request for suspension of deportation. See id.
 
 
 15
 The Immigration Judge ("IJ") found that Flores de Diaz had satisfied the continuous physical presence requirement, and determined that she was of good moral character. Nevertheless, he denied her request for suspension of deportation on the basis that she had failed to demonstrate the existence of extreme hardship. The IJ considered a number of factors in determining whether her deportation would result in extreme hardship to her or her United States citizen son, including the health consequences to her son who suffered from the congenital heart defect, as well as economic factors and the potential difficulty the children might face if forced to relocate to Mexico. In denying the requested relief, however, the IJ emphasized that the alternative means of adjustment of status available to Flores de Diaz and her husband "seriously undercut[ ] the question of hardship." The opinion stated:
 
 
 16
 Both the male and female respondent have worked in the United States as agricultural workers and as such would appear to be prima facie eligible for file applications for legalization pursuant to Section 210 of the Immigration and Nationality Act, as amended by the Immigration Reform and Control Act of 1986. It is also obvious that they may apply under the amnesty provisions of Section 245(A) of the same act. Accordingly, within the guidelines set forth in Matter of Anderson, 16 I & N Dec. 596 (BIA 1978), there is clearly other means of adjustment of status available to both these respondents, which seriously undercuts the question of hardship either to themselves or to their United States citizen children.
 
 
 17
 Based on his consideration of these facts, the IJ concluded that Flores de Diaz failed to establish that extreme hardship would result if she was deported. Accordingly, he denied her requested relief.
 
 
 18
 Subsequent to the hearing before the IJ, it was determined that Flores de Diaz's husband was eligible for legalization but that she was not. She brought this to the attention of the BIA in her appeal. Flores de Diaz requested that her brief be treated as a motion to reopen for consideration of the new facts. The BIA denied oral argument and entered a brief, one page order. The BIA denied the suspension of deportation, making no specific findings and not addressing Flores de Diaz's request that her brief be treated as a motion to reopen for consideration of the new facts.
 
 
 19
 This court is to review the factual findings of the BIA and its order, not that of the IJ. Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). The BIA made no findings, but denied the suspension of deportation "based upon and for the reasons set forth" in the IJ opinion. Flores de Diaz informed the BIA that she had discovered that she was ineligible for legalization, which negated one of the primary reasons upon which the IJ had denied relief. This court has held "when the BIA dismisses an alien's claim with conclusory or laconic statements, this court may conclude that the BIA has abused its discretion by failing to give reasons which show that it has properly considered the facts which bear on its decision." Saldana, 762 F.2d at 827.
 
 
 20
 The BIA made no ruling on whether it declined to reopen for consideration of the new facts, or whether it found Flores de Diaz's circumstances insufficient to establish extreme hardship even when considered together with the new facts concerning her ineligibility for legalization. In my opinion, we are unable to determine whether the BIA declined to consider the new facts for procedural reasons or whether it made a finding that considering all of the facts and circumstances, Flores de Diaz remained ineligible for relief.
 
 
 21
 One of the significant reasons relied upon by the BIA in denying relief is no longer valid. This court has required the BIA to examine the issue of extreme hardship in light of current circumstances. Id. at 828. Unless the BIA declined to consider the new facts for procedural reasons, it should have considered the request for relief in light of the changed circumstances. Flores de Diaz's husband is eligible for legalization and may remain in the United States with the two citizen children, who are completing their schooling, with the medical facilities available for the boy with the heart ailment. As a result of the denial of relief, Flores de Diaz will be required to depart for Mexico, thereby breaking up the family unit. Alternatively, the entire family will depart to Mexico, causing the husband to leave his job, causing an interruption in the children's schooling, and creating a separation from the medical care for the heart condition.
 
 
 22
 Therefore, because the BIA failed to consider the change in circumstances, I would remand to the BIA for a determination of whether it denies Flores de Diaz's request to consider the new facts, or whether in considering the new facts it finds Flores de Diaz ineligible for relief.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3