52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Romualdo Joaquin NAVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70205.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Romualdo Navarro petitions for review of the Board of Immigrations' (BIA) order upholding the Immigration Judge's (IJ) order of deportation. Navarro contends the BIA erred by denying his request for voluntary departure to the Philippines. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 3
 Navarro entered the United States in 1983 as a visitor authorized to stay six months. Deportation proceedings commenced in 1989 because Navarro had overstayed his visit.
 
 
 4
 At the January 1990 hearing, the IJ continued the proceedings to September to allow Navarro time to prepare a case for asylum. The IJ admonished Navarro that he would be expected to present his asylum case at that time. Navarro stated that he understood that his failure to present a case would result in his deportation.
 
 
 5
 At the September hearing, Navarro's attorney sought a continuance because Navarro had not been able to obtain background material from the Philippines. The attorney stated that Navarro had been attending to the matter personally. Navarro admitted that he had done "nothing" to get supporting documents for his asylum claim. The IJ denied the continuance.
 
 
 6
 Navarro declined to testify or present evidence on his asylum application, but testified in support of his request for voluntary departure. The IJ denied all relief.
 
 
 7
 Navarro appealed with a new attorney. The BIA rejected Navarro's request for voluntary departure because he failed to demonstrate that he merited a favorable exercise of discretion. The unfavorable factors included (1) Navarro had minimal family ties in the United States because although his brother was a United States citizen, his wife and two children remained in the Philippines; (2) Navarro had purchased a fake United States passport for $9,000, although he had turned it over to the State Department; and (3) he had filed the asylum application solely as a dilatory tactic. The favorable factors included (1) his eleven year residence in the United States, and (2) his sister-in-law had filed a visa application on his behalf.
 
 
 8
 Navarro, now represented by a third attorney, argues that the BIA abused its discretion by denying voluntary departure. In a related argument, Navarro argues that the BIA should not have used the dilatory asylum application against him because he should not be bound by the egregious performance of his first attorney.
 
 
 9
 To be eligible for voluntary departure, the applicant must prove that he has been of good moral character for at least five years and must show equities meriting such treatment. Abedini v. United States INS, 971 F.2d 188, 192-93 (9th Cir.1991). We review whether the BIA "actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Id. at 193. "Petitioners are generally bound by the conduct of their attorneys ... absent egregious circumstances." Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986).
 
 
 10
 We discern no error in the BIA's finding that Navarro's asylum application was filed for the purpose of delaying his deportation or its conclusion that Navarro was bound by his attorney's conduct. Navarro personally acknowledged that he understood he was expected to be ready to proceed at the September hearing; yet, at the September hearing, Navarro admitted that he had done nothing to prepare his asylum case. Because Navarro bears some responsibility for the dilatory tactic, the BIA appropriately considered it as an unfavorable factor in his application for voluntary departure. See id. Moreover, even without the dilatory asylum application factor, we conclude the BIA's decision to deny voluntary departure was not arbitrary or capricious. Navarro's procurement of an illegal passport and his minimal family ties to the United States outweighed the equities in favor of such treatment. See Abedini, 971 F.2d at 193 (denying voluntary departure to an applicant who presented a forged passport and made false statements to immigration officials because he had not shown any significant equities in his favor).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3