107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anant RAM, Reeta Lata Ram, Sangeeta Ram, and Nazra Bibi Ram,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70492.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Feb. 3, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, Nos. Agk-iqk-hti, 429, 430, 432.
 BIA
 REVIEW GRANTED.
 Before: NORRIS and KOZINSKI, Circuit Judges, and WARDLAW, District Judge*.
 MEMORANDUM**
 Anant Ram, his wife Reeta Lata Ram, and daughters Sangeeta Ram and Nazra Bibi Ram, all natives and citizens of Fiji, seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen for suspension of deportation proceedings under Section 244(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1). The BIA declined to reopen the Rams' case because they failed to demonstrate a prima facie case of extreme hardship. We have jurisdiction of the petition pursuant to 8 U.S.C. § 1105a, and grant the review.
 We review the BIA's denial of a motion to reopen for abuse of discretion. Limisco v. INS, 951 F.2d 210, 213 (9th Cir.1991). The BIA has broad discretion in ruling on motions to reopen but it may not exercise its discretion in a way that is arbitrary, irrational or contrary to law. Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983). "[W]hen important aspects of the individual claim are distorted or disregarded, the BIA has abused its discretion." Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1986). The BIA must examine the evidence in its entirety, and "must accept as true the facts stated in the [applicant's] affidavits unless they are inherently unbelievable." Limisco 951 F.2d at 213.
 The Attorney General has discretion to suspend deportation if the alien: (1) has been present in the United States for a period of not less than seven years; (2) is a person of good moral character; and (3) "is a person whose deportation would ... result in extreme hardship to the alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1) (1982). Both the Immigration Judge and the BIA held that the Rams satisfied the first two requirements, but failed to prove that their deportation would result in extreme hardship.
 Although the BIA may deny a motion to reopen an application for suspension of deportation if the applicant fails to show extreme hardship, here the BIA abused its discretion by failing to consider all relevant factors. See Watkins v. INS, 63 F.3d 844, 847-48 (9th Cir.1995); Santana-Figuero v. INS, 644 F.2d 1354, 1357 (9th Cir.1981) ("Because hardship depends on specific circumstance, discretion can be properly exercised only if the circumstances are actually considered.") (citation omitted). The BIA disregarded the presence of immediate and extended family members in the United States. "Failure by the BIA to consider all pertinent facts regarding extreme hardship, or failure to articulate the reasons for denying suspension of deportation, is an abuse of discretion." Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Thus, whether or not petitioners have presented sufficient evidence to establish a prima facie case of hardship, the BIA's failure to address relevant evidence presented is an abuse of discretion requiring reversal and remand. Mattis v. INS, 774 F.2d 965, 967 (9th Cir.1985).
 The Ram family has two daughters who are married to U.S. citizens. In its evaluation, the BIA spoke only of the possibility that the oldest daughter would remain in the United States. It failed to address the fact that both of the daughters would remain here, and failed to evaluate the potential hardship the loss of two daughters would create for those family members returning to Fiji. See Batoon v. INS, 707 F.2d 399, 402 (9th Cir.1983) ("We may not assume that factors not mentioned have been considered by the Board."). The BIA also failed to give proper consideration to the presence in the United States of a sister of Mrs. Ram and extended family members who are married to U.S. citizens, such as a niece, a cousin, a brother-in-law, and two U.S. citizen sons-in-law. Breakup of a family is an important consideration which cannot be ignored. See Mejia-Carillo v. INS, 656 F.2d 520 (9th Cir.1981).
 Because we find that The BIA abused its discretion by its failure to consider fully the elements of hardship documented in the record, thereby disregarding an important aspect of petitioners' claim, see Watkins, 63 F.3d at 848, we grant the Rams' petition for review and remand to allow for a full consideration of the evidence submitted in their motion to reopen.
 PETITION FOR REVIEW GRANTED. REVERSED and REMANDED.
 
 
 
 *
 Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3