107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Romualdo Joaquin NAVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70902.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1997.
Decided Feb. 6, 1997.
 
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.
 MEMORANDUM**
 Romualdo Joaquin Navarro, a native and citizen of the Philippines, appeals from the Board of Immigration Appeals' ("BIA" or "Board") denial of his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a). We conclude that the Board abused its discretion in denying Navarro's motion and we therefore reverse and remand.
 BACKGROUND
 The facts surrounding Navarro's entry into and continued presence in the United States, and the procedural history leading to the order of deportation against him, are detailed in this court's previous decision affirming the BIA's denial of Navarro's asylum application and alternative request for voluntary departure. Navarro v. INS, No. 94-70205, 1995 WL 165042 (9th Cir. Apr. 4, 1995). We found there that the BIA properly weighed Navarro's positive and negative factors and that the BIA's denial of voluntary departure was not arbitrary and capricious. Id. at * 3.
 While Navarro's earlier appeal was pending before this court, he filed a motion to reopen before the BIA in order to apply for an adjustment of status. In support of his motion, Navarro submitted proof of his approved I-140 Petition and current visa priority date, as well as declarations from his employer, Ted Mann, and from Senator Dianne Feinstein. After we denied Navarro's petition, he supplemented his motion to reopen with an I-212 application for reentry after deportation.
 The BIA denied Navarro's motion to reopen. The Board noted that Navarro had demonstrated prima facie eligibility for an adjustment of status.[1] However, the Board decided as a matter of discretion that Navarro was not entitled to relief.[2] Navarro now appeals this decision.
 STANDARD OF REVIEW
 We review for an abuse of discretion the Board's denial of Navarro's motion to reopen in order to seek discretionary relief. INS v. Abudu, 485 U.S. 94, 105 (1987); Eide-Kahayon v. INS, 86 F.3d 147, 149 (9th Cir.1996). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." Jen Hung Ng v. INS, 804 F.2d 534 (9th Cir.1986).
 DISCUSSION
 The Attorney General has broad discretion to grant or deny motions to reopen. INS v. Doherty, 502 U.S. 314, 323 (1992). The Supreme Court has identified three independent grounds for the BIA's denial of a motion to reopen:
 First, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought.... Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence.... Third, in cases in which the ultimate grant of relief is discretionary ..., the BIA may leap ahead, as it were, over the two threshold concerns ... and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.
 Abudu, 485 U.S. at 104-05. The BIA denied Navarro's motion to reopen on the third ground.
 In denying a motion to reopen, the BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). The BIA must offer a reasoned explanation of its determination that the negative factors outweighed the factors favorable to the applicant. Id. at 1370. "Cursory, summary, or conclusory statements are inadequate." Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1983).
 Here, the BIA acknowledged that Navarro had established prima facie eligibility for adjustment of status, then turned to whether Navarro was entitled to discretionary relief. Instead of weighing the positive and negative equities presented in Navarro's motion to reopen, to which the INS had filed no opposition brief, the Board simply relied on the negative factors it found in its earlier denial of voluntary departure. The Board did not even enumerate the factors favorable to Navarro.
 As best we can tell, the Board ignored Navarro's positive equities. Those equities include Navarro's lengthy residence in the United States, during the course of which he has consistently worked and has never been a public burden; the fact that Navarro has never been arrested or convicted of any crime in the United States;[3] the letters of support from Navarro's employer and Senator Feinstein; and evidence of Navarro's good moral character. Also, Navarro's brother and sister-in-law are U.S. citizens and reside in the United States.
 Absent a showing that Board took these factors into account and did not summarily deny Navarro's motion based on its years-old findings from its denial of his prior appeal, we conclude that "the BIA's actions were simply irrational." Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995). The Board has not demonstrated that it considered all relevant factors; nor has it articulated a reasoned basis for denying Navarro's motion. Id. at 851. Even if the Board finds that the same negative factors still weigh heavily against Navarro, it must consider the evidence that enabled Navarro to apply for reopening in the first place. See Mattis v. INS, 774 F.2d 965, 969 (9th Cir.1985) (BIA abused its discretion in failing to consider evidence submitted on applicant's behalf). At the very least, the Board should reconsider its denial of Navarro's request for voluntary departure.
 CONCLUSION
 The BIA abused its discretion in denying Navarro's motion to reopen without giving sufficient consideration to his positive equities. We reverse the Board's decision and remand for the Board to reweigh Navarro's equities in light of all the evidence.
 REVERSED and REMANDED.
 
 TROTT, Circuit Judge, dissenting:
 
 1
 I respectfully dissent. The Board of Immigration Appeals ("BIA") explained in its opinion that Navarro had not offered "any evidence to overcome the grounds for [the BIA's] prior denial of discretionary relief." It then explicitly referenced the favorable and unfavorable factors that it had enumerated in its original March 23, 1994 decision (which we affirmed) and concluded that the negative factors still outweighed the positive ones. We allow the BIA to incorporate the reasoning of the immigration judge's opinion. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). I see no reason why the BIA should be precluded from similarly incorporating the reasoning of its own prior opinion.
 
 
 2
 We review the BIA's decisions under a deferential standard, reviewing only to ensure that the BIA has not exercised its discretion in a manner that is "arbitrary, irrational, or contrary to law." Jen Hung Ng v. INS, 804 F.2d 534, 538 (9th Cir.1986). The BIA's opinion was more than sufficient to "enable us as a reviewing court to see that the Board has heard, considered, and decided." Rodriguez-Matamoros v. INS, 86 F.3d 158, 161 (9th Cir.1996) (quoting Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986)). Given Navarro's minimal family ties in the United States, his purchase of a fraudulent United States passport, and his filing of an asylum application merely as a dilatory tactic, the BIA's decision was by no means irrational. Therefore, I would affirm the BIA's decision and deny the petition for review.
 
 
 
 *
 Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An alien is eligible for an adjustment of status if:
 (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.
 8 U.S.C. § 1255(a).
 
 
 [2]
 BIA Chairman Paul W. Schmidt dissented from the Board's denial of Navarro's motion to reopen
 
 
 [3]
 In 1989, Navarro purchased a fraudulent U.S. passport from a State Department employee. He voluntarily turned himself over to the State Department and contributed information leading to the arrest and conviction of the employee. Navarro was never arrested or charged in connection with this incident